## J. L. WARD ET AL., v. WESTERN HORSE & CATTLE INSURANCE COMPANY.

### FILED OCTOBER 17, 1894. No. 5439.

1. **Appearance.** A general appearance may be made in the district court by prosecuting error proceedings thereto, by cross-examining a witness whose evidence was taken by deposition, and by consenting to a trial of the merits of the case to the court, in open court, waiving a jury at the same time.

2. **Review:** FAILURE TO FILE MOTION FOR NEW TRIAL. Errors of law alleged to have taken place in the district court cannot be reviewed in this court when no motion for a new trial was filed in the trial court.

ERROR from the district court of Clay county. Tried below before MORRIS, J.

*William M. Clark* and *S. W. Christy*, for plaintiffs in error.

*Thomas H. Matters, contra.*

RYAN, C.

This action was originally commenced before a justice of the peace of Harvard precinct, in Clay county, by the de-

fendant in error against the plaintiffs in error, for the re-
covery of $60, a balance alleged to have been due on ac-
count, with interest thereon.    A summons was duly issued,
returnable on September 10, 1888.    After several contin-
uances, judgment was rendered in favor of defendant in
error on December 4 following.    To set aside this judg-
ment, error proceedings were prosecuted to the district court,
wherein the judgment was vacated because of error made
to appear in the record, and the cause was set down for
trial in said district court, the plaintiffs being required to
file petition in thirty days, and defendant to file answer in
thirty days thereafter.    The petition was not filed as re-
quired by said order, but afterward, on leave thereto
granted, it was filed *instanter*.    A trial was had and judg-
ment rendered in favor of the defendant in error for the
amount by it claimed.    The plaintiffs in error entered a
special appearance in the district court and filed objections
to the jurisdiction of that court over their persons.    It is
now insisted that there was no general appearance, and
that, therefore, the plaintiffs in error are in a situation such
that they can raise this question of jurisdiction.    In this
view we cannot concur, for the reasons, first, the proceed-
ings which brought the case into the district court were
prosecuted by the present plaintiffs in error; second, the
plaintiffs in error made an appearance by attorney for the
purpose of cross-examining C. E. Burmester, a witness
whose testimony was taken by deposition in Omaha; and
third, in the record of the final judgment rendered it is re-
cited that "this cause coming on for trial, it is, by consent
of both parties in open court, tried to the court without
the intervention of a jury."    To enable us to review a
judgment rendered as this was on account of alleged errors
it is essential that there should have been filed a motion for
a new trial in the trial court.    This was not done.    The
judgment of the district court is

AFFIRMED.